# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 8, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| DOROTHY SHIELDS, * | | UNPUBLISHED |
| *Representative, Estate of* * | | |
| NAJEE SHIELDS, * | | |
| * | | No. 14-470V |
| Petitioner, * | | |
| * | | Special Master Gowen |
| v. * | | |
| * | | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH * | | Interim; Special Master's |
| AND HUMAN SERVICES, * | | Discretion. |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * * | | |

<u>Edward M. Kraus</u>, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
<u>Christine Mary Becer</u>, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 4, 2014, Dorothy Shields ("petitioner") filed a petition for compensation, as representative of the Estate of Najee Shields, pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of diphtheria-tetanus-acellular pertussis ("DTaP"), pneumococcal conjugate, rotavirus, inactivated poliovirus ("IPV"), and haemophilus influenzae type b ("Hib") vaccinations administered to Najee on or about June 20, 2012, he suffered an acute anaphylaxis and encephalopathy which led to his death. *Id.* at Preamble. I held an entitlement hearing in this matter in Chicago, Illinois, on December 12, 2017.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 6, 2018, petitioner filed a motion for interim attorneys' fees and costs. Motion for Interim Attorney's Fees and Costs ("Pet. Motion") (ECF No. 83). Petitioner requested reimbursement for attorneys' fees in the amount of $106,916.30, and reimbursement for costs in the amount of $33,183.54. Pet. Motion at 1-2. Petitioner's counsel represented that petitioner has not incurred any costs in this matter thus far.[3] *Id.* at 1.

On November 20, 2018, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Interim Application for Attorneys' Fees and Costs (ECF No. 84). Respondent stated that, in this case, he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008)." *Id.* at 2. Respondent further "respectfully requests that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2014. Petitioner has since submitted three experts reports from two experts in support of her claim, and she had an expert testify at the entitlement hearing. *See* Petitioner's Exhibit ("Pet. Ex.") 13 (ECF No. 11); Pet. Ex. 16 (ECF No. 32); Pet. Ex. 52 (ECF No. 38). Petitioner's counsel explained that he has invested significant time and expert costs in this case due to its complexity, and that the substantial fees and costs incurred thus far have created a hardship for counsel that could impact his ability to file similarly complex cases in the Vaccine Program. Pet. Motion at 3. I find that petitioner's claim was brought in good faith and there exists a reasonable basis for this claim. Petitioner is therefore entitled to a reasonable award of interim attorneys' fees and costs.

---

[3] Petitioner's counsel did not include a statement pursuant to General Order #9, which may be found on the Court's website at http://www.cofc.uscourts.gov/vaccine-guidelines. Counsel should note that he is expected to include the statement regarding General Order #9 on all motions for fees and costs, including interim motions. I will award fees and costs in this instance without the statement, but I will not do so for future motions.

The hourly rates requested by petitioner for the attorneys and paralegals who have performed work on this case are in accordance with the hourly rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). I have reviewed the billing invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. Based on my experience and my familiarity with the work performed in this case, the attorneys' fees requested appear to be reasonable, and I find no cause to make adjustments. Thus, the requested interim attorneys' fees are awarded in full.

Petitioner also requested reimbursement for costs incurred thus far in this matter. The costs include, *inter alia*, the court's filing fee, costs related to obtaining medical records, costs related to obtaining experts, costs related to travelling to the hearing, and costs for obtaining the hearing transcript. Pet. Motion at Tab B. The most substantial costs for which petitioner is seeking reimbursement are the expert costs in the amount of $29,835.95. *Id*. I have reviewed the invoices submitted with petitioner's motion. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause for adjustment and thus the requested attorneys' costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $140,099.84, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Edward M. Kraus, of the Law Offices of Chicago Kent.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.