# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 24, 2020

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* | \* | |
| DOROTHY SHIELDS, | \* | |
| *Representative, Estate of* | \* | UNPUBLISHED |
| NAJEE SHIELDS, | \* | |
| | \* | No. 14-470V |
| Petitioner, | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Motion for Dismissal Decision; Diphtheria- |
| AND HUMAN SERVICES, | \* | Tetanus-Acellular Pertussis ("DTaP"); |
| | \* | Haemophilus Influenzae Type B ("Hib"); |
| Respondent. | \* | Inactivated Polio ("IPV"); Pneumococcal; |
| | \* | Rotavirus; *Boatmon*. |
| \* \* \* \* \* \* \* \* \* \* \* \* | \* | |

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Christine M. Becer*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On June 4, 2014, Dorothy Shields ("petitioner"), as representative of the estate of her deceased minor grandchild Najee Shields, filed a petition in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of receiving diphtheria-tetanus-acellular pertussis ("DTaP"), haemophilus influenzae type B ("Hib"), inactivated polio virus ("IPV"), pneumococcal, and rotavirus vaccines on June 20, 2012, Najee Shields suffered an acute illness which led to his death on June 21, 2012.  The information in the record, does not establish entitlement to compensation.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion. *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 24, 2020, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet. Mot.") (ECF No. 89). Petitioner believes that the vaccines Najee received on June 20, 2012, caused his death. *Id.* at ¶ 1. Unfortunately, because of the Federal Circuit's opinion in *Boatmon v. Sec'y of Health & Human Servs.*, 941 F.3d 1351 (Fed. Cir. 2019), which deals with a substantially similar theory of medical causation, petitioner does not believe that she can prove that the vaccines played a causative role in Najee's death. *Id.* Therefore, following a thorough investigation, petitioner believes that she will be unable to prove that she is entitled to compensation in the Vaccine Program. *Id.* In these circumstances, to proceed further would be unreasonable. *Id.* at ¶ 2. Petitioner has been advised by her counsel that a decision dismissing her petition will result in a judgment against her. *Id.* at ¶ 3. She has been advised that such a judgment will end all of her rights in the Vaccine Program. *Id.* Petitioner understands that her attorney may apply for fees and costs once her case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of the claim and to oppose, if appropriate, the application for fees and costs. *Id.*

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not contain persuasive evidence that the vaccinee suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that the vaccinee's injury was caused or in any way related to the vaccines which he received.

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioner's experts have not presented opinion(s) that support a finding of entitlement in light of the Federal Circuit's recent decision in *Boatmon*, 941 F.3d at 1361-62.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

                                                   **s/Thomas L. Gowen**
                                                   Thomas L. Gowen
                                                   Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).