# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 9, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DOROTHY SHIELDS, | \* |
| *Representative, Estate of* | \* |
| NAJEE SHIELDS, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

UNPUBLISHED

No. 14-470V

Special Master Gowen

Attorneys' Fees and Costs.

\* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL*, for petitioner.*
*Christine M. Becer*, U.S. Department of Justice, Washington, DC*, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 18, 2020, Dorothy Shields ("petitioner") filed a motion for final attorneys' fees and costs.  Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 94).  For the reasons discussed below, I **GRANT** petitioner's motion and award a total of $2,777.40.

### I.    Procedural History

The prior procedural history is set forth in my prior decision awarding interim attorneys' fees and costs on January 8, 2019.  Interim Fees Decision ("Int. Decision") (ECF No. 85).  Afterwards on March 24, 2020, petitioner filed a motion for a decision dismissing the petition (ECF No. 89), which I granted that same day (ECF No. 90).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

On August 18, 2020, petitioner filed the instant motion for final attorneys' fees and costs. Petitioner requested $2,777.40 in attorneys' fees.  Fee App. at 1.  The attorneys' costs were included in the interim fee application and petitioner herself has no costs in the case.  *Id.*  On September 1, 2020, respondent reacted to the fees motion, providing that respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and "recommend[ing] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  Resp. Response (ECF No. 95) at 2, 3.  Petitioner did not file a reply. The matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, the undersigned previously noted the presence of good faith and reasonable basis when awarding interim fees. The work for which reimbursement is now requested also has a reasonable basis because it was necessary to bring the matter to a conclusion. Accordingly, a final award of attorneys' fees and costs is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n. 1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (2008).

### A.  Attorneys' Fees

Petitioner requests the following hourly rates:

|                            | 2019     | 2020     |
| -------------------------- | -------- | -------- |
| **Edward Kraus**           | $418.00  | $435.00  |
| **Amy Kraus**              | N/A      | $365.00  |
| **Joyce Westphal (paralegal)** | $145.00  | $160.00  |

Pet. Fee App. at 4.  Special masters have previously awarded these rates and I find that they are reasonable for the work documented in the instant motion.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable.  The entries reasonably and accurately describe the work performed and the length of time it took to perform each task.  Moreover, respondent has not identified any particular entries as being objectionable.  Therefore, petitioner is entitled to final attorneys' fees of $2,777.40.

### III.     Conclusion

Accordingly, I award a lump sum in the amount of $2,777.40, representing reimbursement for petitioner's final attorneys' fees and costs, in the form of a check payable to petitioner and her attorney Edward Kraus.[2]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against at client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).